UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FINNLEY INVEST, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:19-cv-02658-JMS-TAB |
| MORRIS INVEST, LLC, CLAYTON MORRIS, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

**I.   Introduction**

This cause is before the Court on Plaintiff's motion to amend its complaint. [Docket No. 43.] By its proposed amended complaint, Plaintiff seeks to plead newly discovered facts, to narrow claims for breach of contract and promissory estoppel, to replead a claim for actual fraud, and to add a claim for constructive fraud. [Docket No. 43 & Ex. A.] For the reasons set forth below, Plaintiff's motion to amend is granted in part and denied in part.

**II.   Background**

Plaintiff initially brought this lawsuit against Defendants as part of a consolidated action filed Jan. 4, 2019. [Docket No. 56 at 1.] After the Court granted a motion to sever on June 13, 2019, Plaintiff filed a new complaint against Defendants on June 28, 2019. [*Id.* at 2.] Plaintiff alleged breach of contract, fraud, promissory estoppel, conversion, negligence, and violation of the Indiana Deceptive Consumer Sales Act. [Docket No. 43 at 2.] On April 28, 2020, the Court dismissed all claims except those for breach of contract and promissory estoppel. [*Id.*] The

Court dismissed the contract claim to the extent it sought to recover damages for Defendants' failure to manage the property at issue and identify tenants. [*Id.*] The Court also dismissed the promissory estoppel claim to the extent it sought recovery for the sale of the property and Defendants' failure to rehabilitate it. [*Id.*] Plaintiff filed this motion on June 26, 2020. [*Id.*]

Defendants oppose the motion, characterizing the proposed amendments as an "end run around" the April 28 dismissals with prejudice. [Docket No. 56 at 3.] Defendants also claim that the proposed amendments result from undue delay and would cause undue prejudice, and they insist the fraud-related amendments are futile and that narrowing the breach and promissory estoppel claims is unnecessary. [*Id.* at 4.]

### III.   Discussion

Under the Federal Rules of Civil Procedure, a party may amend its pleading once "as a matter of course" within 21 days after serving it, within 21 days of service of a responsive pleading, or within 21 days after service of a motion. Fed. R. Civ. P. 15(a)(1). Otherwise, an amendment may be made only with leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). When a party requires leave to amend a complaint, the court "should freely give leave when justice so requires." *Id.* "Courts are to use their discretion under Rule 15(a) to liberally grant permission to amend pleadings so long as there is not undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v. City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007). In the Seventh Circuit, "delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992). "Undue prejudice has been found to exist when an amended complaint would require the non-moving party to engage in substantial discovery and when it would deprive the non-moving party of a

summary judgment victory." *J.P. Morgan Chase Bank v. Drywall Service & Supply Co.*, 265 F.R.D. 341, 352 (N.D. Ind. 2010). "Courts have also found that unfair prejudice was created when the moving party intended to introduce an entirely new legal theory that would require discovery to be reopened and force the non-moving party to duplicate its efforts." *Id.* (internal quotation marks omitted). The movant "carries the burden of proof in showing that no prejudice will result to the non-moving party." *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

Plaintiff has demonstrated that the proposed amendments would not cause undue prejudice to Defendants. Trial remains many months away according to the Case Management Plan, and at least six months remain to conduct discovery. [Docket No. 17 at 3, 11.] Plaintiff does not introduce a new theory of the case, nor does Plaintiff interfere with a motion for summary judgment since Defendants have not filed one. Defendants complain that allowing an amendment would force them to spend time and money filing another motion to dismiss, but any such expense is immaterial because allegations "that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice." *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 153 (S.D.N.Y. 2012). If the amended complaint is, as Defendants assert, a rehash of facts previously alleged, Defendants have been on notice of those facts and need no additional time to investigate them.

Plaintiff maintains that newly discovered facts arose from the early stages of discovery and from uncovering reporting by media outlets such as *The New York Times*. [Docket No. 43 at 1.] Specifically, Plaintiff seeks to allege that Defendant Clayton Morris operated as a real estate wholesaler as opposed to a marketer. [Docket No. 57 at 4.] Justice requires that Plaintiff be permitted to add what appear to be relevant facts, and the Court will allow Plaintiff to add these newly discovered facts to the extent they support existing and surviving claims.

The Court finds it is in Defendants' interest to allow Plaintiff to cure the problems with its claims for breach of contract and promissory estoppel.  Plaintiff's stated purpose in narrowing these claims is to conform the complaint to the Court's April 28 order.  Not only is this a valid reason to amend, but also the Court and Defendants will benefit from further clarity of the issues.

The Court is satisfied that Plaintiff learned through discovery new facts underlying its proposed additional claim for constructive fraud.  The new claim is related to those raised in the initial complaint.  Defendants contend that this amendment would be futile.  "A proposed amendment is futile if the complaint, as amended, would fail to state a claim upon which relief could be granted—in other words, if it would be subject to dismissal under Rule 12(b)(6)." *Ray v. Nelson & Frankenberger, P.C.*, No. 4:13–cv–00114–SEB–WGH, 2014 WL 4385128, at *4 (S.D. Ind. Sept. 3, 2014) (internal quotation marks omitted).  However, Plaintiff sufficiently alleges constructive fraud based on past acts.  And while Defendants contend Indiana law forbids recovery for both breach of contract and fraud unless premised on distinct injuries, Plaintiff is nonetheless granted permission to add a claim for constructive fraud because Plaintiff properly proposes to plead this claim in the alternative.

The Court will not allow Plaintiff to replead its claim for actual fraud.  Rule 41(b) states that unless the dismissal order states otherwise, "a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits." Fed. R. Civ. P. 41.  "When a case of which the court has jurisdiction is dismissed because it fails to state a claim ... the dismissal is a merits determination and is therefore with prejudice." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 751 (7th Cir. 2013).  The Court's dismissal of Plaintiff's fraud claim was made on the merits of that claim. [Docket No. 28 at 16.]  Thus, the dismissal of that claim

4

was with prejudice.  [*Id.* at 24.]

## IV.  Conclusion

For the reasons explained above, the motion to amend is granted in part and denied in part.  The only proposed amendment that is denied is Plaintiff's attempt to replead a claim for actual fraud.  All other amendments shall be permitted.  Plaintiff shall have 14 days from the date of this order to file a proposed amended complaint that complies with this order.

Date:  8/21/2020

_____
Tim A. Baker
United States Magistrate Judge
 Southern District of Indian

Distribution:

All ECF-registered counsel of record via email